**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4238

DWAYNE E. DICKENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-95-132)

Submitted: May 27, 1997

Decided: July 31, 1997

Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Thomas Lambeth, Jr., Burlington, North Carolina; J. Matthew
Martin, MARTIN & MARTIN, Hillsborough, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Robert M.
Hamilton, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwayne Everett Dickens appeals from his convictions for possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (1994) and carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1994). Dickens contends that the district court erred in denying his motion to suppress the evidence seized during a warrantless search of his apartment and his motion to suppress his statement made post-arrest. Dickens also claims that the district court incorrectly enhanced his sentence for possession of the firearm.

Police responded to an emergency call reporting a domestic disturbance at Dickens' apartment. When police arrived on the scene, they found emergency technicians tending to Dickens' ex-wife Tracy who was lying in the bedroom on her back with her head near the bed and her feet extending into the bathroom. Her head was cut and dripping with blood. Tracy died on the way to the hospital. Police concluded that Tracy's death was suspicious based upon the emergency calls, the blood stained carpet and bloody bathroom tile on which Tracy had been found, and pieces of a broken statue scattered in the kitchen and bedroom. Police called in crime scene technicians and detectives to further investigate. Crime scene technicians took photographs and gathered the broken statue pieces as evidence. Police then collected as evidence the bloody tile from the bathroom and blood stained carpet located at the foot of the bed. When police lifted the bed to remove the blood stained carpet as evidence, they observed cocaine wedged in between the two single mattresses which were supporting the king-size mattress.

Dickens, already at the Sheriff's Department, signed a waiver of his constitutional rights, made a statement to the police, signed a consent form for the police to search his apartment, and told police that

2

there was a firearm in the apartment. Pursuant to Dickens' consent, police searched the apartment and discovered a nine millimeter pistol in the closet of the bedroom where police found the drugs and Tracy. Thereafter, Dickens admitted ownership of the cocaine.

Dickens contends that the district court erred in denying his motions to suppress the cocaine, his statement, and the firearm. On motions to suppress evidence, this Court reviews the factual findings underlying the legal conclusions under the clearly erroneous standard and reviews the legal conclusions of the district court regarding a suppression determination de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

The district court correctly denied Dickens' motion to suppress the cocaine. A review of the record reveals that the district court did not clearly err in its factual finding that the police discovered the cocaine in plain view while gathering evidence of a possible homicide. Further, the district court correctly concluded that the plain view seizure of the cocaine did not violate Dickens' Fourth Amendment rights. A plain view seizure is lawful if the following requirements are met: (1) the officers had a lawful right to intrude initially; (2) the officers observed the item while within the permissible scope of the initial intrusion; (3) it was immediately apparent to the officers that the item was contraband or evidence of a crime. See Horton v. California, 496 U.S. 128, 136 (1990).

We find that the officers seized the cocaine lawfully under the plain view doctrine. The officers' initial intrusion was in response to emergency calls and was therefore lawful. While lawfully removing blood stained carpet which was in plain view and which was immediately apparent as evidence of a possible crime, the officers discovered the cocaine, which was in plain view and immediately apparent as contraband. Therefore, we conclude that the district court properly denied Dickens' motion to suppress the cocaine. See Horton, 496 U.S. at 136.

Next, we find that the district court correctly denied Dickens' motions to suppress his statement and the firearm subsequently seized. The record reveals that the district court did not clearly err in finding that Dickens was advised of his constitutional rights, was not

3

coerced, and voluntarily waived his constitutional rights. Thus, because Dickens voluntarily made his statement and voluntarily consented to a police search, we conclude that the district court properly denied Dickens' motions to suppress his confession and the firearm. See Moran v. Burdine, 475 U.S. 412, 421 (1986).

To the extent that Dickens objects to the enhancement of his guideline range pursuant to the sentencing guidelines, we opine that he has no claim. The district court correctly found that a loaded nine millimeter pistol in the closet in the same room where the police seized cocaine was sufficient to enhance Dickens' sentence for weapon possession under the guidelines. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1), comment (n.3) (Nov. 1995).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4